IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO J. LOPEZ HERNANDEZ
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-2306CCC
(Related Cr. 13-0534-38CCC)

**OPINION AND ORDER**

Before the Court is Roberto J. López Hernández' (hereinafter "Petitioner" or "López Hernández") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed on June 29, 2016 (**d.e. 1**). On August 31, 2016, the United States of America (hereinafter "Respondent") filed a Motion to Dismiss the Petition (**d.e. 4**). For the reasons discussed below, the Court finds that the Petition must be and is hereby DISMISSED.

**I.   BACKGROUND**

On September 25, 2014, López Hernández pled guilty to conspiracy to possess with intent to distribute controlled substances within a protected location, in violation of 21 U.S.C. §§ 846 and 860 (Count One), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) (Count Six) (Criminal 13-534(CCC), d.e. 1967). On April 28, 2015, he was sentenced to serve consecutive terms of imprisonment of 51 months and 60 months (Criminal 13-534(CCC), d.e. 3222). Petitioner filed this 28 U.S.C. Section 2255 motion claiming entitlement to relief under Johnson v. United States, 135 S.Ct. 2551 (2015), based on the fact that he was convicted under Section 924(c).

**II.   DISCUSSION**

In Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion above is known as the ACCA's "residual clause." The Supreme Court determined that the ACCA's "residual clause" was unconstitutionally vague since its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or

threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B) (emphasis added). The underlined portion is known as the "residual clause" of Section 924(c)(3). However, Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a drug trafficking crime. <u>See</u> <u>United States v. Hare</u>, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's <u>Johnson</u> claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). Since neither Petitioner's conviction nor his sentence rest upon Section 924(c)'s definition of "crime of violence," <u>Johnson</u> is inapplicable to the circumstances of this case.

## III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner Roberto López Hernández' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) must be and is hereby DISMISSED, with prejudice. Judgment to be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on April 11, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge